# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
### Western Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 2:21-cv-05273-SB-KS |
| Plaintiff, | **FINAL JUDGMENT AS TO DEFENDANT LONGACRE ESTATES, LP** |
| vs. | |
| MATTHEW J. SKINNER, EMPIRE WEST EQUITY, INC., LONGACRE ESTATES, LP, BAYSIDE EQUITY, LP, FREEDOM EQUITY FUND LLC, and SIMPLE GROWTH, LLC, | Judge:   Hon. Stanley Blumenfeld, Jr. |
| Defendants. | |

For the reasons set forth in the Court's separate order on Summary Judgment and Default Judgment, the Court enters this Judgment as to Longacre Estates, LP (Defendant).

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, § 10(b) of the Securities Exchange Act of 1934 (the Exchange Act), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating § 17(a) of the Securities Act of 1933 (the Securities Act), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

  (a) to employ any device, scheme, or artifice to defraud;

  (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating § 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

  (a) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

  (b) unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

  (c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or

  offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under § 8 of the Securities Act, 15 U.S.C. § 77h.

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $1,234,434.38, plus prejudgment interest thereon in the amount of $32,159.84, jointly and severally with co-Defendants Empire West Equity, Inc. and Matthew J. Skinner, representing profits gained as a result of the conduct alleged in the Complaint.

  Defendant shall satisfy this obligation by paying $1,266,594.22 to the Securities and Exchange Commission (SEC) within 30 days after entry of this Judgment. Defendant may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

  Enterprise Services Center
  Accounts Receivable Branch
  6500 South MacArthur Boulevard

Oklahoma City, OK 73169
and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Longacre Estates, LP as a defendant in this action; and specifying that payment is made pursuant to this Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The SEC shall hold the funds (collectively, the Fund) and shall distribute the Fund in a manner consistent with the Supreme Court's admonition in *Liu* that the disgorgement remedy must be for the benefit of investors. *Liu v. Sec. & Exch. Comm'n*, 140 S. Ct. 1936, 1947–49 (2020). The Court shall retain jurisdiction over the administration of any distribution of the Fund. **The SEC may disburse funds to the defrauded investors without seeking leave of Court. If the SEC wishes to send any portion of the Fund to the United States Treasury or otherwise dispose of the Fund in any manner besides compensating the defrauded investors, the SEC must first obtain approval from the Court** *unless it has already distributed the full disgorgement amount to investors*.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in § 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other

amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Longacre Estates, LP of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated:  June 17, 2022

_____
HON. STANLEY BLUMENFELD. JR.
UNITED STATES DISTRICT JUDGE